

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

EDWARD A. MCDONALD

edward.mcdonald@dechert.com
+1 212 698 3672 Direct
+1 212 698 0472 Fax

July 8, 2013

**BY ECF**

Honorable Nicholas Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

Re: United States v. Joseph Massino
02-CR-307 (NGG)
03-CR-929 (NGG)

Dear Judge Garaufis:

We submit this letter on behalf of Joseph Massino in connection with the government's motion pursuant to Rule 35, Fed. R. Crim. P., for Mr. Massino's resentencing. For the reasons presented by the government and additional reasons that we present below, we ask the Court to resentence Mr. Massino to a term of incarceration equal to that which he has served.

(1) Assistance to the Government. Before the Court can grant a Rule 35 motion, the government must show that the defendant has provided "substantial assistance in the investigation and prosecution of another person." The government has done so in spades. Indeed, the government has made a compelling presentation of the invaluable contributions that Mr. Massino has made to the government's dismantling of the Bonanno organized crime family and to the government's successes in the war against La Cosa Nostra. His contributions have included the disclosure of a plot to kill an Assistant United States Attorney who conducted many of the Bonanno family prosecutions. It is

fair to say that not only is Mr. Massino the most prominent LCN leader ever to cooperate but also that seldom in the history of the war against organized crime has anyone contributed as much to the government. We will rely on the government's evaluation of his cooperation but hasten to add that the fruits of Mr. Massino's efforts have not been fully realized. He has cooperated and continues to cooperate in ongoing investigations that have not yet been revealed. He will also continue to be available to the government to testify and to participate in face to face interviews and telephone conversations concerning organized crime cases.

(2) Health Issues. We believe that the assistance that Mr. Massino has provided as well as the length of his incarceration justify reducing his sentence to "time-served." But there is much more warranting the exercise of the Court's discretion to release Mr. Massino now. Mr. Massino's long term - and short term - prospects for living are poor. Mr. Massino turned in 70 in January. While 70 is no longer what it once was, Mr. Massino's serious health problems almost certainly limit his longevity significantly. I have not been able to see Mr. Massino's medical records, but I have spoken with him and with his Probation Officer who has reviewed relevant records. On the basis of those conversations, I note the following:

REDACTED



Honorable Nicholas Garaufis
July 8, 2013
Page 3

REDACTED

REDACTED

In short, Mr. Massino is a very sick man. He is in serious need of various medical treatments that he has not been able to receive in prison.

(3) Means of Support. We understand that when considering previous Rule 35 motions by the government on behalf of other cooperating witnesses, the Court has expressed concern about the financial resources of some defendants and whether they would be able to support themselves if released. The Court no doubt was concerned with potential recidivism. In view of Mr. Massino's age and the ailments that we have described, the likelihood that he would resume any criminal activity is negligible. He also has the capacity to support himself. While he was rising in the ranks of organized crime, he was also gainfully employed in a variety of food service businesses. He will therefore be receiving social security benefits if released from prison, and he is also eligible for Medicare coverage. In addition, Mr. Massino can collect payments on an annuity and, as the Court is aware, while Mr. Massino forfeited significant real estate holdings (as well as over $7.5 million in cash and approximately 250 valuable gold bars),



he has retained several rent-producing properties that supply income on which he would be able to live.

(4)     Finally, as the government notes, there are important policy implications here. At the time of Mr. Massino's prosecution, according to the government, he was the most powerful organized crime figure in the United States. He was called the "boss of bosses," "The Last Don," an old school Mafia leader. It was unimaginable that he would ever cooperate with the government. When he did, there were shockwaves throughout the world of organized crime. Indeed, his decision was an important milestone in the war against La Cosa Nostra: it demonstrated conclusively that omerta, the Mafia's code of silence, is an obsolete relic of a bygone era. Nonetheless, before cooperators critical to the government's efforts agree to testify and provide information, they have to expect that reliable, honest cooperation will be rewarded. What's the point in cooperating if you will still die in jail? Releasing Mr. Massino for his cooperation will send an important message to potential cooperators, defendants in current cases as well as individuals who are the subjects and targets of on-going and future investigations. That message will be lost if Mr. Massino is not afforded a period of freedom in which he can obtain necessary medical treatment and live out his days.

Thank you for your consideration.

Very truly yours,

Edward A. McDonald

cc:     AUSA Taryn Merkl