1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,        :      02-CR-307

                v.               :      U.S. Courthouse
                                        Brooklyn, New York
JOSEPH MASSINO,                  :
                                        July 10, 2013
                     Defendant.  :      3:00 o'clock p.m.
- - - - - - - - - - - - - - - - - -X


                TRANSCRIPT OF RESENTENCING
              BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
                UNITED STATES DISTRICT JUDGE.


APPEARANCES:

For the Government:              LORETTA E. LYNCH
                                 United States Attorney
                                 By:  TARYN MERKL
                                      NICOLE ARGENTIERI
                                      JACK DENNEHY
                                 Assistant U.S. Attorneys
                                 271 Cadman Plaza East
                                 Brooklyn, New York 11201

For the Defendant:               EDWARD McDONALD, ESQ.


Court Reporter:                  Anthony M. Mancuso
                                 225 Cadman Plaza East
                                 Brooklyn, New York 11201
                                 (718) 613-2419




Proceedings recorded by mechanical stenography, transcript
produced by CAT.
```

Case 1:03-cr-00929-NGG   Document 1180   Filed 07/17/13   Page 2 of 16 PageID #: 13447

1                (Case called; both sides ready.)
2                THE COURT:  Please be seated.
3                MS. MERKL:  Your Honor, the defendant is not here.
4    Taryn Merkl for the United States.  Together with me is Nicole
5    Argentieri and Jack Dennehy.
6                MR. McDONALD:  Edward McDonald for Mr. Massino, your
7    Honor.
8                THE COURT:  All right.  We'll wait for the
9    defendant.
10               THE COURT:  All right.  The defendant is present.
11               Good afternoon, Mr. Massino.
12               THE DEFENDANT:  Good afternoon, your Honor.  I'm
13   sorry.
14               THE COURT:  All right.
15               Ms. Merkl, the floor is yours.
16               MS. MERKL:  Your Honor, we're here on the
17   government's motion pursuant to Rule 35 seeking a reduction in
18   sentence for the defendant Joseph Massino.  The government has
19   detailed Mr. Massino's cooperation in our memorandum dated
20   June 10 of this year, which was filed publicly, and we
21   respectfully rest on the contents of that motion as to the
22   details of the specific assistance that Mr. Massino provided
23   in regard to indicted cases and investigations.
24               I just wanted to elaborate on a couple of very brief
25   points, as set forth in our motion.

1           Mr. Massino's cooperation did in fact render
2  substantial assistance, as is detailed in our lengthy motion.
3  His willingness to make tape-recordings before he had even
4  been signed up as a cooperating witness evidenced his
5  willingness to try the cooperation and ultimately the tapes
6  that he made, what we call the Massino Tapes now, really
7  yielded important evidence that the government has used in
8  multiple prosecutions, not limited to the Vincent Basciano
9  trial, over which your Honor presided.
10          Mr. Massino has led a life of crime, there's no two
11  ways around it, and nothing in the government's presentation,
12  in the papers or our argument here today in support of our
13  motion, is in any way trying to detract from that, apologize
14  for it, or condone the life that he led for the majority of
15  his adult years.
16          But at the same time, Mr. Massino decided to make a
17  change, and when he made that change, he was fully on board.
18  He provided the government with all of the information that he
19  could muster.  He's been available to the government for phone
20  calls, for interviews, and we expect, and his counsel has
21  confirmed, that he will continue to be available to the
22  government should we need to call upon him in future cases or
23  to ask him questions about organized crime intelligence
24  information about which he would know.
25          In light of all of that, the government respectfully

1  submits that resentencing is appropriate.  Mr. Massino is
2  currently serving two life sentences that were imposed
3  consecutively by your Honor, but in order for our practice to
4  work, in order for us to actually infiltrate these entrenched
5  criminal syndicates, like the five families of New York, the
6  government needs cooperating witnesses like Mr. Massino.  We
7  need insider information, so that we can prosecute and hold
8  those accountable for heinous crimes in court with live
9  witnesses, live testimony like that provided by Mr. Massino in
10 both the Basciano trial, and then again in the Bartolomeo
11 Vernace trial earlier this year.
12         That being said, we rest on our papers.  Thank you,
13 your Honor.
14         THE COURT:  Thank you.
15         Let me ask this:  With respect to potential
16 victim-impact testimony, will there be any victim-impact
17 witnesses speaking at this hearing?
18         MS. MERKL:  Your Honor, we did notify victims that
19 were in our system and that the FBI had contacted information
20 for, and I have not received a word from any victims asking to
21 be heard today.
22         THE COURT:  All right.  Thank you.
23         The Court has received, in addition to the
24 government's motion for resentencing pursuant to Federal Rule
25 of Criminal Procedure 35B and the attachments A and B to that

Case 1:03-cr-00929-NGG   Document 1180   Filed 07/17/13   Page 5 of 16 PageID #: 13450

1  motion, the Court has also received, filed ex parte and under
2  seal, a letter from the government further documenting the
3  defendant's cooperation in certain matters which are still
4  under investigation.
5       In addition, the Court has received a letter which
6  was filed under seal from Mr. McDonald, a redacted copy of
7  which -- not including certain confidential information about
8  the defendant's medical history and situation -- which was
9  filed publicly on the docket, and also the Court has received
10 a confidential addendum to the Presentence Report from the
11 Probation Department.  The Court has reviewed all of these
12 papers.
13      Is there anything else that's been filed with the
14 Court that I have not identified?
15      MS. MERKL:  Not to my knowledge, your Honor.
16      THE COURT:  Mr. McDonald, anything else?
17      MR. McDONALD:  No, your Honor.
18      THE COURT:  Mr. McDonald, is there anything that you
19 would like to say with regard to the motion to resentence at
20 this time?
21      MR. McDONALD:  Yes, your Honor.
22      I have four points that I would like to make.  First
23 of all, with respect to substantial assistance, there's little
24 to add to what Ms. Merkl has said.  I think it's fair to say
25 that Mr. Massino is the most important organized crime figure

1  ever to cooperate with the Justice Department in the history
2  of the war against organized crime.
3         Certainly, he was in a position to know, and, most
4  importantly, I think, from the government's standpoint, he
5  remembered.  His memory has been truly outstanding.  He's a
6  walking encyclopedia of the history of organized in the
7  New York metropolitan area for the last fifty years.
8         The information that he's provided to the government
9  is, I think, and I don't want -- it speaks for itself.  It's
10 been extraordinary, and it's led to some real successes for
11 the FBI and for the Justice Department.
12        Your Honor, secondly, we can't sort of diminish the
13 severity or excuse the severity of Mr. Massino's wrongdoing,
14 but I do want to point out that at this point he has been
15 punished.  He has been incarcerated for more than ten and a
16 half years.  He went to prison, was arrested on this matter in
17 January of 2003.  He has served an equivalent of what would be
18 a twelve-year sentence.  In addition, he did something which
19 was rare, if not unprecedented for a person in his position.
20 He voluntarily gave the government seven and a half million
21 dollars in cash.  It was part of a forfeiture.  In addition,
22 gold bars worth several hundreds of thousand of dollars in
23 addition to that.  There was real estate property worth a few
24 million dollars which was seized by the government the
25 government placed a lien on.  In any case, he has parted with

1    a great deal of his ill-gotten gains.
2            Third, most importantly is the health issue.  In the
3    confidential submission that we made and the Presentence
4    Report, the Revised Presentence Report submitted by the
5    Probation Department, I think it's clear that Mr. Massino is a
6    very sick and tired old man at this point.  Your Honor, he is
7    in need of treatment, and I think that there is little risk
8    that if he's released, that he will resume his life of crime.
9            If he is not released, there is a risk that he will
10   die in prison, and he will die in prison in the
11   not-too-distant future.
12           Finally, your Honor, I supervised the prosecution of
13   Mr. Massino here in this courthouse -- actually, the old
14   courthouse across the lobby -- in 1986, when I was the head of
15   the Federal Organized Crime Strike Force.  Your Honor, at that
16   point, he was convicted after a seven-month trial by the late
17   Judge Charles Sifton, he and twelve other individuals, the
18   entire hierarchy of the Bonanno Crime Family at that time.
19   Unfortunately, I guess, our position at that point was
20   unfortunate that he received only a five-year sentence, and
21   when he was released from prison, he became the boss of the
22   family.
23           Your Honor, in 1986, it was inconceivable that I
24   would be asked by the Court to represent Joe Massino.  It was
25   even more inconceivable that Joe Massino would be cooperating

1  with the Department of Justice and the FBI.  His cooperation,
2  cooperation of someone who has been called the boss of bosses
3  and the last don, is an important milestone in the history of
4  the war against La Cosa Nostra.  When he cooperated, he sent a
5  message to everyone, particularly people on the street, that
6  omerta, the code of silence, is really dead, and that the
7  Mafia is on the run.
8          They might be on the run, but the war is not over,
9  and the government, as Ms. Merkl has said, still needs
10 cooperators.  Your Honor, I think the message here that he has
11 sent is that, If Joseph Massino can cooperate, so can I. But
12 if he is going to be dying in jail, people will think, If I
13 cooperate and I die in jail, there's not much point in my
14 cooperating, either.
15         So, your Honor I think the time has come to release
16 Mr. Massino, and I ask that you order that he be released from
17 prison as soon as is practicable.
18         THE COURT:  Thank you.
19         Mr. Massino, before I rule on the government's
20 motion and impose a sentence upon you, is there anything that
21 you would like to say to the Court?
22         THE DEFENDANT:  Yes, your Honor.
23         THE COURT:  Please go ahead.
24         THE DEFENDANT:  I pray every night for forgiveness
25 for all the people that I hurt, especially the victims'

1    families, your Honor.
2              Thank you.
3              THE COURT:  Thank you.
4              More than eight years ago, following conviction at
5    trial as well as a plea of guilty on a variety of the charges,
6    this Court sentenced Joseph Massino to two consecutive terms
7    of life in prison.  Shortly thereafter, on June 28, 2005, the
8    government properly filed a pro forma Rule 35 motion pursuant
9    to the Federal Rules of Criminal Procedure, held in abeyance.
10             The government now submits its Supplemental Rule 35
11   motion, which asks the Court to resentence Mr. Massino based
12   on his extensive cooperation during the intervening years.
13   The motion is granted for the following reasons.
14             For this resentencing, the Court first considers the
15   defendant's illegal conduct, including decades of criminality
16   during his association with the Bonanno Organized Crime
17   Family.  Mr. Massino, for over twenty years, was the acting
18   leader and later the permanent leader of that criminal
19   enterprise, and he took part in at least eight murders, as
20   well as many other illegal activities.
21             In addition, however, the Court takes into
22   consideration the extensive assistance Mr. Massino has
23   provided to the government, and the substantial risk to his
24   own life and to his family members' lives that he assumed in
25   helping the government in its investigations and prosecutions

1    of members of organized crime.  The Court also notes

2    Mr. Massino's declining health and advancing age.

3             As the government explains in its motion,

4    Mr. Massino's cooperation has provided significant and

5    extensive assistance in the investigation and prosecution of

6    many members and associates of the American Mafia.

7    Mr. Massino testified about his crimes in open court, and

8    helped to cripple an organization that was extraordinarily

9    dangerous, costly and harmful to society in general and this

10   region in particular.  Mr. Massino assisted the government in

11   ongoing investigations, and he also detailed numerous

12   additional crimes that were previously unknown to the

13   government.

14            The government submits to the Court that

15   Mr. Massino's assistance has been extremely valuable to the

16   effort to dismantle organized crime in general and especially

17   the Bonanno Family.  While in detention, he wore a wire that

18   provided vital recordings of conversations with top Mafia

19   figures, and further assisted the government in understanding

20   those and other recorded discussions.

21            His assistance was important in numerous cases, and

22   particularly essential in the investigation of four successive

23   leaders of the Bonanno Family, including Vincent Basciano,

24   Michael Mancuso, Salvatore Montagna and Vincent Badalamenti.

25            Mr. Massino testified at the death-penalty trial of

1  Vincent Basciano, a former acting boss of the Bonanno Family,
2  providing what the government calls "critical evidence" in a
3  case where Basciano was convicted of all charges.  He also
4  testified at the trial of Genovese Family member Anthony
5  Romanello last year.
6            Also, and of special note, Mr. Massino's cooperation
7  included providing critical information about a possible plot
8  against a federal prosecutor.
9            The government's explanation of Mr. Massino's
10 assistance supports his counsel's assertion that "It is fair
11 to say that not only is Mr. Massino the most prominent La Cosa
12 Nostra leader ever to cooperate, but also that seldom in the
13 history of the war against organized crime has anyone
14 contributed so much to the government."
15           Finally, the government assures the Court that
16 Mr. Massino is expected to continue to provide assistance in
17 other investigations and cases as they arise even if the Court
18 grants the government's motion and reduces his sentence.
19           The government also notes the important policy
20 implications in this case.  The justice system often requires
21 cooperators like Mr. Massino to uncover criminal activity,
22 especially those perpetrated by secretive organizations.  In
23 particular, as the first official boss of the American Mafia
24 to publicly cooperate and testify, Mr. Massino's assistance
25 has almost certainly caused numerous other members of

1    organized crime to cooperate with the government.
2            Quite simply, Mr. Massino may be the most important
3    cooperator in the modern history of law endorsement effort to
4    prosecute the American Mafia.  He has provided information
5    about the highest levels of the Mafia, including testifying in
6    open court, assisting dozens of investigations and helping
7    lead to numerous additional arrests and convictions.
8            His cooperation has been in two different
9    components.  First, vertical cooperation, regarding his
10   family, the Bonanno Organized Crime Family, and also
11   horizontal cooperation, due to his knowledge of the activities
12   of the four other La Cosa Nostra families in New York as a
13   member of ruling commission of the New York Mafia.
14           The Court is under no illusions about the
15   motivations for Mr. Massino's cooperation.  In helping the
16   government, he has also helped himself, and his cooperation in
17   no way excuses or justifies his life of crime.  Nevertheless,
18   his cooperation has brought great risk upon himself and his
19   family, and great benefits for the government's efforts to
20   dismantle organized crime.  In resentencing Mr. Massino, this
21   Court considers that the sort of cooperation and assistance he
22   has provided was of tremendous benefit to the government and
23   to the interests of justice.
24           In summary, in determining whether Mr. Massino's
25   case is appropriate for resentencing and downward departure

from the Guideline range, the Court has considered his serious and extensive criminal history, his extraordinary cooperation with the government, and his willingness to place himself at grave personal risk. The Court also notes that Mr. Massino is seventy years old and is in failing health. Mr. Massino's physician explains that his health problems "almost certainly limit his longevity significantly" and that he is "a very sick man." Yet he has continued to assist the government despite his significant and sometimes grave health issues.

Mr. Massino explains in his submission that he has the capacity to support himself, which, along with his age and ailments, reduces the Court's concern about possible recidivism.

Considering all these factors, in addition to the publicly filed and sealed admission from the government and defense counsel, and the addendum background materials provided in the plea sentence investigation report, the Court finds that the defendant has provided substantial assistance to the government.

The Court therefore grants the government's motion for resentencing pursuant to Rule 35. Mr. Massino has been in jail for approximately ten and one half years. The government has advised the Court that his record as a prisoner is unblemished, and so his incarceration time as of now, accounting for good-time credit, is commensurate with having

1  served a sentence of approximately twelve years in prison.

2         The Court will now resentence Mr. Massino to a
3  sentence that is sufficient but not greater than is required
4  to fulfill the purposes of sentencing, taking into account his
5  many years of cooperation with the government.

6         Are you ready to be sentenced?

7         THE DEFENDANT:  Yes, your Honor.

8         THE COURT:  Please stand.

9         I sentence you as follows:  Time served, supervised
10 release for the rest of your life.  As a condition of your
11 supervised release, you shall not possess a firearm,
12 ammunition or destructive device.  I direct you to continue in
13 your supervision to assist the government as a cooperator with
14 respect to the activity of La Cosa Nostra to the extent that
15 the government requests you to do so.

16        During your period of supervised release, your
17 supervision will be under the auspices of the Federal Bureau
18 of Investigation and not the Probation Department.

19        Does the government have any additional
20 applications?

21        MS. MERKL:  We do, your Honor.

22        With regard to the terms of Mr. Massino's supervised
23 release, we would also request that Mr. Massino be directed
24 not to associate with any members or associates of organized
25 crime for the remainder of his life.

ANTHONY M. MANCUSO,  CSR  OFFICIAL COURT REPORTER

1         THE COURT:  I also direct that you not associate
2    during the rest of your life with any of the associates or
3    members or other participants in organized crime.
4         MS. MERKL:  And we would also request, respectfully,
5    that your Honor delay the execution of that sentence for sixty
6    days to enable the government to make appropriate security
7    arrangements in consultation with the FBI and the Marshals
8    Service.
9         THE COURT:  I grant the application.
10        I'm going to stay the imposition of the sentence for
11   sixty days, and a judgment will not issue for sixty days in
12   order that the government may make the necessary arrangements
13   for the defendant's post-incarceration security.
14        Is there anything else from the government?
15        MS. MERKL:  Nothing from the government, your Honor.
16   Thank you.
17        THE COURT:  All right.
18        Mr. McDonald, is there anything else from you?
19        MR. McDONALD:  No, your Honor.
20        THE COURT:  Then I take it I don't need to inform
21   you that you have the right to appeal your sentence to the
22   United States Court of Appeals.
23        MR. McDONALD:  I don't think we need that, your
24   Honor.
25        THE COURT:  Then I won't make that statement.

ANTHONY M. MANCUSO,  CSR   OFFICIAL COURT REPORTER

```
1            All right.  Is there anything else from anyone?
2            MS. MERKL:  No.  Thank you.
3            MR. McDONALD:  No.  Thank you, your Honor.
4            THE DEFENDANT:  Thank you, your Honor.
5            THE COURT:  You are welcome.
6            The defendant will leave first.
7                         ooooooOoooooo
```

ANTHONY M. MANCUSO,   CSR   OFFICIAL COURT REPORTER