AO 245C  (Rev. 10/2011 EDNY) Amended Judgment in a Criminal Case  (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT

EASTERN                                District of                                NEW YORK

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |

V.

JOSEPH MASSINO

Case Number:          CR 02-307 (S-20) / CR 03-929 (S-3)

USM Number:

**Date of Original Judgment:**  July 7, 2005

(Or Date of Last Amended Judgment)

Edward McDonald, Esq.

Defendant's Attorney

## Reason for Amendment:

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☒ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant  ☐ 28 U.S.C. § 2255 or
   ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

☒ was found guilty by jury verdict on Counts One (Acts 1A, 1B, 2A, 2B, 3, 4, 5, 6A, 6B, 7A,7B, 8A, 8B, 9A, 9B, 10, 11, 12A, 12B, 13, 14, 15A, 15B, 16A and 16B) and Two through Eleven of the (redacted) Superseding Indictment CR 02-307 (S-20).

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☒          pleaded guilty to  Count Nine of the Superseding Indictment CR 03-929 (S-3).

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| SEE PAGE 2 OF AMENDED JUDGMENT | | | |

The defendant is sentenced as provided in pages 2 _____7_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒    The defendant is not named in Counts 1-8 and 11-18 of the Superseding Indictment CR 03-929 (S-3.

☒    Any underlying Indictment is dismissed on the motion of the United States.

☒    Count(s) _____10 of CR 03-929 (S-3)_____  ☒ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 10, 2013

Date of Imposition of Judgment

s/Nicholas G. Garaufis

Signature of Judge

NICHOLAS  G. GARAUFIS, US.D.J.

Name and Title of Judge

September 5, 2013

Date

JOSEPH MASSINO        TITLE AND SECTION        Judgment Page 2 of 7
CR 02-307(S-20) & CR 03-929 (S-3)

---

### CR 02-307 (S-20)

| | | |
|---|---|---|
| 18 U.S.C. §§ 1962(c) and 1963(a) | RACKETEERING | COUNT ONE |
| 18 U.S.C. §§ 1962(d) and 1963(a) | RACKETEERING CONSPIRACY | COUNT TWO |
| 18 U.S.C. §894(a)(1) | EXTORTIONATE COLLECTION OF CREDIT CONSPIRACY | COUNT THREE |
| 18 U.S.C. §892(a) | EXTORTIONATE EXTENSION OF CREDIT CONSPIRACY | COUNT FOUR |
| 18 U.S.C. §1955(a) | ILLEGAL GAMBLING-JOKER POKER MACHINES | COUNT FIVE |
| 18 U.S.C. §371 | ILLEGAL GAMBLING CONSPIRACY-BACCARAT | COUNT SIX |
| 18 U.S.C. §1955(a) | ILLEGAL GAMBLING-BACCARAT | COUNT SEVEN |
| 18 U.S.C.§1951(a) | EXTORTION | COUNT EIGHT |
| 18 U.S.C. §§1956(h) | MONEY LAUNDERING CONSPIRACY | COUNT NINE |
| 18 U.S.C. §892(a) | EXTORTIONATE EXTENSION OF CREDIT CONSPIRACY | COUNT TEN |
| 18 U.S.C. §894(a)(1) | COLLECTIONS OF EXTENSIONS OF CREDIT BY EXTORTIONATE MEANS | COUNT ELEVEN |

---

### CR 03-929 (S-3)

| | | |
|---|---|---|
| 18 U.S.C. §1959(a)(1) | MURDER IN AID OF RACKETEERING | COUNT NINE |

(NOTE: Identify Changes with Asterisks (*))

| | Judgment — Page | 3 | of | 7 |

DEFENDANT: JOSEPH MASSINO
CASE NUMBER: CR 02-307 (S-20) / CR 03-929 (S-3)

# IMPRISONMENT

****

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term   of : **TIME SERVED** ON COUNTS ONE (1) THROUGH ELEVEN (11) OF THE SUPERSEDING INDICTMENT CR 02-307 (S-20) AND ON COUNT NINE (9) OF THE SUPERSEDING INDICTMENT CR 03-929 (S-3).
**NOTE: THE JUDGMENT IS STAYED FOR SIXTY (60) DAYS FROM THE DATE OF IMPOSITION. THEREFORE, THE DEFENDANT SHALL BE RELEASED ON TUESDAY, SEPTEMBER 10, 2013.**

☐  The court makes the following recommendations to the Bureau of Prisons:

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C     (Rev. 09/11) Amended Judgment in a Criminal Case
            Sheet 3 — Supervised Release
                                                                        (NOTE: Identify Changes with Asterisks (*))

Judgment—Page __4__ of __7__

DEFENDANT:          JOSEPH MASSINO
CASE NUMBER:        CR 02-307 (S-20) / CR 03-929 (S-3)

# SUPERVISED RELEASE

****

**Upon release from imprisonment, the defendant shall be on supervised release for      LIFE.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☐   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment; or if such prior notification is not possible, then within forty eight hours after such change;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
        Sheet 3C — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page   5   of    7

DEFENDANT:     JOSEPH MASSINO
CASE NUMBER:  CR 02-307 (S-20) / CR 03-929 (S-3)

## SPECIAL CONDITIONS OF SUPERVISION

1. THE DEFENDANT SHALL NOT POSSESS A FIREARM OR DESTRUCTIVE DEVICE;

****2. THE DEFENDANT SHALL NOT ASSOCIATE IN PERSON, THROUGH MAIL, ELECTRONIC MAIL OR TELEPHONE WITH ANY INDIVIDUAL WITH AN AFFILIATION TO ANY ORGANIZED CRIME GROUPS, GANGS OR ANY OTHER CRIMINAL ENTERPRISE; NOR SHALL THE DEFENDANT FREQUENT ANY ESTABLISHMENT, OR OTHER LOCALE WHERE THESE GROUPS MAY MEET PURSUANT, BUT NOT LIMITED TO, A PROHIBITION LIST PROVIDED BY THE PROBATION DEPARTMENT;

****3. THE DEFENDANT SHALL CONTINUE TO COOPERATE WITH THE GOVERNMENT INCLUDING, BUT NOT LIMITED TO, PROVIDING INFORMATION AND EVIDENCE TO LAW ENFORCEMENT OFFICERS AND PROSECUTORS AND TESTIFYING, AS NEEDED, BEFORE GRAND JURIES  AND TRIALS.

Judgment — Page ___6___ of ___7___

DEFENDANT: JOSEPH MASSINO
CASE NUMBER: CR 02-307 (S-20) / CR 03-929 (S-3)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 1,200.00 | $ N/A | $ N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C   (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___7___ of ___7___

DEFENDANT:      JOSEPH MASSINO
CASE NUMBER:    CR 02-307 (S-20) / CR 03-929 (S-3)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**   X   special assessment of $ ___1,200.00___   due immediately, balance due

☐ not later than _____ , or
☐ in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and
corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.